Allen *v.* Peete.

---

ARNOLD M. ALLEN *vs.* THOMAS PEETE.

The statute (Hutch. Code, 504, § 125,) directs, that where it becomes the duty of the judge of the probate court to select the guardian of minors, "precedence shall be given in all cases to the natural guardian or next of kin, if any such apply for the guardianship and tender the proper security, unless such applicant shall be manifestly unsuitable to take the management of the person and estate of such orphan."

The court has great latitude of discretion in deciding upon the qualifications of

3 *

applicants in such cases; but that discretion should, as far as possible, be regulated by some definite principle.

This was not a case in which the court should have disregarded the rights of the next of kin.

In error from the probate court of Tallahatchie county; Hon. S. H. Bullock, judge of the probate court.

The opinion of the court contains a sufficient statement of the facts of the case.

*Garnett*, for the plaintiff in error, cited and commented on Hutch. Code, 504, § 125; *Spann* v. *Collins*, 10 S. & M. 624.

No counsel for the defendant in error.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a contest for letters of guardianship.

The appellant filed his petition in the probate court of Tallahatchie county, praying to be appointed guardian of the minor children of his deceased brother, Barnabas M. Allen, who had died intestate.

The appellee petitioned at the same time for letters of guardianship. He was connected by marriage with the minors; but bore to them no relationship of blood. Mrs. Allen, the mother, was dead; her death had occurred before that of her husband; and the appellant was the only brother of the latter.

It appears from the evidence in the cause, that the appellee, Thomas Peete, was a married man; had a family of children; was a planter, and resided upon his plantation in said county, in which the property of the minors was situated.

Arnold M. Allen, the appellant, was an unmarried man; had no fixed place of residence. He had some time resided with his brother; had taken out letters of administration upon his estate; was a man of middle age, and of good habits.

Upon this evidence, the petition of the appellant was rejected, and Peete was appointed guardian.

The statute, (Hutch. Code, 504, § 125,) directs, that where it becomes the duty of the judge of probates to select the guardians for minors, "preference shall be given in all cases to the

natural guardian or next of kin, if any such apply for the guardianship and tender the proper security, unless such applicant shall be manifestly unsuitable to take the management of the person and estate of such orphan."

The appellant was next of kin to the minors, and no objection was made to the sureties which he tendered. He had, therefore, under the statute, a legal right to the guardianship, unless his unsuitableness to take charge of the persons and estate of the orphans was made manifest by the proofs in the case.

It is admitted, that the court has great latitude of discretion in deciding upon the qualifications of the applicants in such cases. But that discretion should, as far as possible, be regulated by some definite principle; otherwise the provisions of the statute would be rendered perfectly nugatory.

We do not think the case before us is one in which the court was authorized to disregard the rights of the next of kin. The appellee was a man of family, and had a residence. These were circumstances in his favor; but we are uninformed as to his qualifications or habits. On the other hand, the appellant is the administrator of the decedent's estate, and is shown by the evidence to be a man of good habits. He appears to us to be the more eligible choice; he is certainly not shown to be manifestly unfit to have the charge of the wards, and their estate. We, therefore, reverse the decree of the court of probates, and remand the cause for further proceedings.

FISHER, J., gave no opinion, having been of counsel.